UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIAN BOMMARITO,<br><br>      Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and AMERICAN EXPRESS CO.,<br><br>      Defendants. | Civil Action No. 2:21-cv-12423<br><br>Chief Judge Denise Page Hood<br><br>Magistrate Judge Anthony P. Patti |

**MOTION TO STRIKE DEFENDANT TRANSUNION, LLC'S ANSWER**

Plaintiff Brian Bommarito ("Plaintiff") respectfully submits this motion to strike certain deficient portions of the answer (ECF No. 11) (the "Answer") filed by Trans Union, LLC ("TransUnion"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (the "Fed. R. Civ. P.") and deem such allegations as admitted. In the alternative, Plaintiff seeks the entry of an order ordering TransUnion to amend its Answer and bring its Answer into compliance with Rule 8, Fed. R. Civ. P.

//

**BRIEF IN SUPPORT OF MOTION TO STRIKE TRANSUNION LLC'S ANSWER**

     I.     BACKGROUND

Plaintiff commenced this action by filing a complaint (ECF No. 1) (the "Complaint") against TransUnion and other defendants on October 13, 2021. The Complaint alleges, *inter alia*, that TransUnion violated 15 U.S.C. §§ 1681e and 1681i of the Fair Credit Reporting Act (the "FCRA"). Specifically, Plaintiff has alleged that TransUnion reported false credit information concerning Plaintiff that reflected that Plaintiff was "deceased" without verifying the accuracy of that information, and, after Plaintiff explicitly disputed the inaccurate information, failed to complete a reasonable investigation and ensure that the inaccurate information would not reappear on Plaintiff's credit report, all despite continuing to sell credit reports concerning Plaintiff to third-parties.

Critical to Plaintiff's claims are certain allegations, ¶¶ 14, 15, 16, 17, 19, 22, and 23 of the Complaint (the "Allegations"), relating to (i) whether TransUnion had reported information that reflected that Plaintiff was deceased while also reporting numerous active credit accounts, (ii) whether TransUnion had received Plaintiff's dispute communications and relevant enclosures, (iii) whether TransUnion notified defendant American Express Co ("Amex") of Plaintiff's dispute, as required by the FCRA, (iv) whether TransUnion continued to report the inaccurate information after receiving Plaintiff's disputes, and (v) whether TransUnion sold credit reports to third parties while simultaneously reporting that Plaintiff was deceased. Because TransUnion has possession and/or records of the credit reports it has generated concerning Plaintiff and sold to third parties, as well as record of any disputes or documents that it received from Plaintiff and steps it may have

taken in response to such disputes, TransUnion's Answer could have admitted or denied the allegations upon a cursory review of its internal records.

Instead, TransUnion filed its Answer on November 4, 2021. In its Answer, TransUnion asserted it "lacks knowledge or information sufficient to form a belief about the truth" of the Allegations. *See* TransUnion's Answer at ¶¶ 14, 15, 16, 17, 19, 22, and 23. In addition, TransUnion denied certain allegations on the basis of an argument concerning "legal conclusions" (*see* TransUnion's Answer at ¶¶ 4,7, 9, 10, 18, and 28) and failed to respond to certain other allegations, stating the "cited provision of the FCRA speaks for itself." *See* TransUnion's Answer at ¶¶ 42-45.

On November 9, 2021, counsel for Plaintiff sent an email to counsel for TransUnion advising that TransUnion's responses to the allegations alleged in Plaintiff's Complaint were deficient. *See* **Exhibit A**. Counsel for Plaintiff advised counsel for TransUnion that (i) a denial on the basis of an allegation being a legal conclusion does not fairly respond to the substance of the allegation as required by Rule 8(b)(2), Fed. R. Civ. P.; (iii) that TransUnion could admit or deny the allegations to which it claimed to lack knowledge upon a cursory review of its records; and (iii) that Rule 8, Fed. R. Civ. P. does not allow for responses that fail to respond to an allegation on the basis that the FCRA "speaks for itself." *Id.* Counsel for Plaintiff then proposed three dates and times to meet and confer to discuss the issues raised. *Id.*

Rather than scheduling a conferral with Plaintiff, on November 15, 2021, counsel for TransUnion responded with an email stating "[o]nce Trans Union has an opportunity to complete its investigation of the claims, we'd be happy to informally produce our consumer relations documents and/or schedule a call to discuss the facts of the case." *See* **Exhibit B**. In that same email, counsel for TransUnion stated that TransUnion would be willing to stipulate to the facts

alleged in the allegations to which it originally claimed were legal conclusions, as well as to facts related to the allegations to which it responded documents or the FCRA "speaks for itself." *Id.* However, TransUnion has not amended its Answer to reflect these proposed stipulations.

In addition, counsel for TransUnion failed to provide a substantive response concerning the allegations to which TransUnion claimed to lack knowledge. Instead, counsel for TransUnion implied that, because of its size as a national corporation, TransUnion should be exempt from the Fed. R. Civ. P.'s allotment of 21 days for a party to fairly respond to a pleading and should be provided with an open-ended timeframe in which to fully apprise Plaintiff of its position concerning the allegations in the Complaint. *See id.* When Plaintiff sought to determine how long the investigation would take, counsel for TransUnion claimed, "I can't say for sure when the investigation will be complete." *See* **Exhibit C.**

As explained below, TransUnion's position is mistaken.

II.     RELEVANT CASE LAW

Fed. R. Civ. P. Rule 8(b)(5) "[p]ermits a party that 'lacks knowledge or information sufficient to form a belief about the truth of an allegation' to so indicate in its response." *Joseph v. Ford Motor Co.*, No. 06-10274, 2009 U.S. Dist. LEXIS 138190, at *5 (E.D. Mich. Sep. 30, 2009) (Hood, J.). This response, however, is not meant to serve as a placeholder for a defendant to buy time to establish a strategic position in response to allegations that may be beneficial to the plaintiff's case, but rather, "[i]f an allegation of the complaint *does in fact come as a surprise to a defendant*, Rule 8(b), Fed. R. Civ. P., permits him to deny the allegation by averring he is without knowledge or information sufficient to form a belief as to the truth of the allegation." *Id.* (*citing Equal Employment Opportunity Comm'n v. Wah Chang Albany Corp.*, 499 F.2d 187, 190 (9th Cir. 1974)) (emphasis added). It is for this reason, as this Court found, "[a] party. . . may not deny

4

sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." *Id.* (*citing David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973)). "Consequently, certain averments may be deemed admitted when the matter is obviously one as to which the defendant has knowledge or information." *Id.* at *5-6 (*citing Mesirow v. Duggan*, 240 F.2d 751, 756-57 (8th Cir. 1957)).

### III. BECAUSE TRANSUNION OBVIOUSLY HAS KNOWLEDGE AND INFORMATION CONCERNING THE ALLEGATIONS AT ISSUE, THE ALLEGATIONS AT ISSUE SHOULD BE DEEMED ADMITTED

Plaintiff has alleged (i) that TransUnion had reported information that reflected that Plaintiff was deceased while also reporting numerous active credit accounts, (ii) that TransUnion had received Plaintiff's dispute communications and relevant enclosures, (iii) that TransUnion notified defendant Amex of Plaintiff's dispute, as required by the FCRA, (iv) that TransUnion continued to report the inaccurate information after receiving Plaintiff's disputes, and (v) that TransUnion sold credit reports to third parties while simultaneously reporting that Plaintiff was deceased. *See* Complaint at ¶¶ 14, 15, 16, 17, 19, 22, and 23.

Not only are these Allegations central to Plaintiff's claims, but they are damning to TransUnion's liability, as they would directly establish TransUnion's failure to follow reasonable procedures to assure maximum possible accuracy of the information it reported concerning TransUnion, whether TransUnion's duties to investigate and correct the inaccurate reporting of Plaintiff as deceased were triggered, as well as the extent of TransUnion's negligence and/or willfulness by which TransUnion continued to report active credit accounts and sell consumer reports to third parties while also reporting Plaintiff as deceased.

Rather than conduct a cursory review of TransUnion's internal records and honestly respond to these Allegations, TransUnion has evaded its responsibility and claimed ignorance as to the truth of these Allegations. *See* TransUnion's Answer at ¶¶ 14, 15, 16, 17, 19, 22, and 23.

These allegations are not complicated. A cursory review of TransUnion's internal records would demonstrate what TransUnion reported concerning Plaintiff, what documents it received from Plaintiff, whether it sent any notices to Amex, and whether it continued to sell consumer reports to third parties while also reporting Plaintiff as deceased. However, TransUnion feigns an inability to abide by the 21 days from the date of service that are afforded to all defendants under the Fed. R. Civ. P. and seeks an open-ended date by which to "complete its investigation of the claims." *See* **Exhibit B**.

It is rather convenient that the very allegations that would establish the strength of Plaintiff's case are the ones to which TransUnion claims to not have knowledge or information.

However, more troubling here is that TransUnion's failure does not appear to be an occasional misstep or isolated practice, but rather one of principle: TransUnion believes it is not required to complete a cursory review of its own records before pleading ignorance. Indeed, TransUnion has not so much as requested an extension of time to respond to the Complaint before feigning ignorance. Such extensions of time are routinely requested by defendants in cases such as the one at hand. TransUnion is aware that such a request was stipulated to by counsel for Plaintiff and has been granted by this Court as to co-defendant Equifax Information Services, LLC in this action. If TransUnion was unable to respond within the time allotted to it under the Fed. R. Civ. P., it was free to request additional time. However, it is not free to unilaterally disregard the deadline to honestly respond to the Allegations.

TransUnion does not appear to deny that the relevant information is within its possession; rather, TransUnion simply refuses to abide by the Fed. R. Civ. P. requirement that it apply its current knowledge to fairly respond to Plaintiff's pleadings.

TransUnion claims that, because it "[c]ollects and aggregates information for more than 215 million active credit files, receiving approximately 4.8 billion updates each month, while also serving the needs of over 65,000 business customers" and because "[its] investigators continue to work remotely from home due to the ongoing pandemic," it will "take additional time and effort to access TransUnion's confidential systems in order to investigate the claims for all pending lawsuits." *See* **Exhibit B**.

TransUnion is indeed a national multibillion-dollar company with an abundance of resources, staff, and expertise. Far from exempting it from complying with its duties to timely and honestly respond to responsive pleadings, TransUnion's size and resources renders TransUnion perfectly capable of utilizing the allotted 21 days to conduct an internal review concerning Plaintiff's claims and to fairly respond in kind. Ultimately, the Fed. R. Civ. P. grants Plaintiff the benefit of an honest response to his allegations at this stage of the litigation; it does not provide an exemption for large corporations, and neither should this Court.

Because the Allegations at issue are directed at matters to which TransUnion obviously has knowledge or information, TransUnion's responses to the Allegations should be stricken and the Allegations should be deemed admitted by TransUnion. *See Joseph*, No. 06-10274, 2009 U.S. Dist. LEXIS 138190, at *5-6. At the very least, TransUnion should be ordered to file an amended answer that fairly responds to the Allegations.

**WHEREFORE**, Plaintiff respectfully requests this Court grant its motion to either (a) strike TransUnion's Answer responses to the Allegations and deem the Allegations to be admitted, or,

alternatively, (b) order TransUnion to file an amended answer that fairly responds to the Allegations in compliance with Fed. R. Civ. P. Rule 8 and in consideration of TransUnion's knowledge and the documents and information in its possession.

Pursuant to Local Rule 7.1(a) Plaintiff certifies that, as further described herein, there was a conference between counsel for the parties in which the counsel for Plaintiff explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

//

Dated: <u>November 29, 2021</u>

                                */s/ David A. Chami*
                                David A. Chami
                                AZ No. 027585
                                dchami@cjl.law
                                **The Consumer Justice Law Firm**
                                8245 N. 85th Way
                                Scottsdale, Arizona 85258
                                Telephone: (480) 626-2359

                                *Attorney for Plaintiff Brian Bommarito*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

                                <u>*/s/Alexandra Levine*</u>