UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BOMMARITO,

            Plaintiff,                 Case No. 2:21-cv-12423

                                           Chief Judge Denise Page Hood

v.                              Magistrate Judge Anthony P. Patti

EQUIXFAX
INFORMATION
SERVICES, LLC, *et al*.

            Defendants.

_____/

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT TRANS UNION, LLC'S ANSWER (ECF No. 19)

**I.**     **Introduction**

On November 29, 2021, Plaintiff filed a motion to strike certain paragraphs from Defendant Trans Union, LLC's ("Trans Union's" or "Defendant's") answer, asking the Court to strike the answer as to certain allegations and deem them admitted or, alternatively, to order Trans Union to file an amended answer in compliance with Rule 8. (ECF No. 19.) Trans Union timely filed a response (ECF No. 26), to which Plaintiff filed a reply on December 16, 2021 (ECF No. 29). Much more recently, Trans Union filed supplemental authority. (ECF No. 31.)

The Court has reviewed the submissions in connection with this motion and has also carefully reviewed Plaintiff's complaint and Trans Union's answer (ECF No. 11). In light of this review, the Court has determined, pursuant to E.D. LR 7.1(f)(2) that a hearing will not be necessary and that the motion can and should be decided on the papers alone.

The paragraphs within Trans Union's answer with which Plaintiff takes issue fall into three categories: (1) paragraphs that Trans Union claims it cannot answer because "it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union," (ECF No. 11, ¶¶ 14-17, 19, 22-23); (2) paragraphs in which Trans Union claims that the allegations "are legal conclusions and, so stating, denies them[,]" (*id.*, ¶¶ 4, 7, 9, 10, 18 & 28); and, (3) paragraphs regarding the Fair Credit Reporting Act ("FCRA") in which Trans Union fails to either admit or deny the allegations pleaded, claiming that "the FCRA speaks for itself[,]" (*id.*, ¶¶ 42-45). (ECF No. 19, PageID.122.)

## II.  Analysis

### A.  Lack of Knowledge

Although Plaintiff is less than pleased with the portions of Trans Union's answer falling into any of these three categories, the thrust of the motion takes

issue with the first category, namely, the failure to admit or deny based upon lack of knowledge or information.  Plaintiff points out that the facts alleged in these particular paragraphs could easily have been verified or refuted through even "[a] cursory review of Trans Union's internal records . . . concerning Plaintiff[.]" (ECF No. 19, PageID.125.)  Trans Union responds by pointing out that: (1) it filed its timely answer only twenty days after being served (ECF Nos. 4, 11); (2) it made clear in its answer that it only claimed to lack information "at this time[,]" *i.e.*, when it filed its answer only twenty days after being served; (3) it is a consumer reporting agency that "collects and aggregates information for more than 215 million active credit files, receiving approximately 4.8 billion updates each month, while also serving the needs of over 65,000 business customers[,]" while its "investigators continue to work remotely from home due to the ongoing pandemic[,]" (ECF No. 26, PageID.208); and, (4) is not required to amend an answer based upon information later gained in formal or informal discovery, but, rather, need only answer based on its knowledge at the time it originally pleads an answer.  As Defendant notes, "Trans Union is unaware of any requirement that Trans Union must request an extension of time to file its Answer, as Plaintiff suggests, and doing so would not have guaranteed that Trans Union could have answered the subject paragraphs any differently than at the time of filing its Answer."  (*Id*., PageID.210 (citing *Sibley v. Choice Hotels Intern., Inc*.,  304

F.R.D. 125, 133 (E.D.N.Y. 2015) ("[f]rom an equitable perspective, it would be unfair to hold [] the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint while plaintiff has until the expiration of the statute of limitations") (internal quotation marks and citations omitted))). Defendant further points out that Plaintiff is not prejudiced by Defendant pleading lack of information, since "the majority of the subject paragraphs contain allegations concerning information already within Plaintiff's possession." (*Id*., at PageID.211.) These allegations primarily concern the content of Plaintiff's own letters and submissions, as well as subsequent reporting by the defendants, of which Plaintiff was made aware. (*See e.g.*, ECF No. 1, PageID.5-6, ¶¶ 15-17, 19, 22-23.) Likewise, in paragraph 14 of the complaint, Plaintiff alleges that he himself "immediately accessed his consumer reports" and made certain findings through his own review of those reports. (*Id*., PageID.4.) What steps Plaintiff undertook and what "findings" he made or conclusions he reached are not necessarily, if ever, within the purview of Defendant's easily obtainable knowledge.

Of course, pleading insufficient knowledge in answer to a complaint "has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Indeed:

A statement of lack of knowledge or information is most appropriate as to matters that are peculiarly within the control of the opposing party. A specific denial should be used as to matters of public knowledge or on which the

defendants could have informed themselves with reasonable effort.  In other
words, denials for lack of information and belief are appropriate only after the
party making such a denial has fulfilled its Rule 11 obligation to make an
"inquiry reasonable under the circumstances."
"

2 *Moore's Federal Practice* - Civil § 8.06 (2021) (quoting Fed. R. Civ. P. 11(b);

other internal citations omitted).

However, as this Court has previously stated, "certain averments may be

deemed admitted when the matter is obviously one as to which the defendant has

knowledge or information."  *Joseph v. Ford Motor Co.*, Case No. 06-10274, 2009

WL 10680506, at *2 (E.D. Mich. Sep. 30, 2009) (Hood, J.).  But as this Court has

also stated, "'[i]f an allegation of the complaint does in fact come as a surprise to a

defendant, Rule 8(b) Fed. R. Civ. P. permits [it] to deny the allegation by averring

[it] is without knowledge or information sufficient to form a belief as to the truth of

the allegation.'"  *Id*. (citing *EEOC v. Wah Chang Albany Corp.*, 499 F.2d 187, 190

(9th Cir. 1974)).  In such circumstances, where a defendant pleads that it lacks

knowledge or information sufficient to form a belief as to the truth of the

allegations, thus having the effect of a denial, the plaintiff is put "on notice" that it

will "have to prove its case."  *El Encanto, Inc. v. La Tortilla Factory, Inc.*, 210

Fed. App'x 773, 775-776 (Fed. Cir. 2006).

Decisions regarding motions to strike are up to the discretion of the Court,

although such motions "are viewed with disfavor and are not frequently granted."

5

*Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 780 F.3d 1045, 1050 (6th Cir. 2015) (internal citations omitted).  Here, the Court cannot conclude that "the matter is obviously one as to which the defendant [had] knowledge or information" at the time the responsive pleading was due – *i.e.*, three weeks after being served with process.  It is inappropriate to order either that the allegations be stricken or that they be deemed admitted, as Plaintiff requests.  However, in light of the other amendments required by this order (*see infra* Directive), Trans Union should revisit these allegations and admit or deny them in its amended answer if the passage of time has led to a new enlightenment as to their accuracy or veracity.  Should Plaintiff again receive "lack of knowledge" answers which force him to prove up allegations he earnestly believes could not in good faith have been denied, he is welcome to serve requests to admit under Fed. R. Civ. P. 36 and to avail himself of whatever remedies may be available to him under Fed. Rules Civ. P. 26(g)(3) and/or 37(c)(2).  And Defendant is, of course, reminded of its obligations under Fed. R. Civ. P. 11(b).

**B.    "Legal Conclusions"**

As noted above, Trans Union has, under the guise of Fed. R. Civ. P. 8(b), responded to a number of allegations in the complaint by stating that, "the allegations of this paragraph are legal conclusions and, so stating, denies them." However, "[o]ptions afforded under this Rule should not exceed: admit, deny, or

6

lack of information to form a sufficient belief." *Joseph*, 2009 WL 10680506, at *2

(citing *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill.

2001) ("[The response of 'calls for a legal conclusion'] of course violates the

express Rule 8(b) requirement that all allegations must be responded to.  But

perhaps even more importantly, it disregards established law from the highest

authority on down that legal conclusions are an integral part of the federal notice

pleading regime.")).  The goal of the complaint is to "'give the defendant fair

notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic

Corp. v. Twombl*y, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson,* 355 U.S.

41, 47 (1957)).  The goal of the answer is to make clear what is and what is not in

dispute and what the plaintiff will be required to prove.  *El Encanto*, 210 Fed.

App'x at 775-776.

In the instant matter, for example, Plaintiff alleged that subject matter

jurisdiction over this dispute resides in this Court.  (ECF No. 1, PageID.3, ¶ 9.)

Defendant must admit or deny that, in order to make clear whether subject matter

jurisdiction is being disputed.  If it is not, Defendant must admit the allegation, so

as to keep us all from guessing.  Likewise, Plaintiff alleges that Trans Union is a

"consumer reporting agency" under 15 U.S.C. 1681a(f).  (*Id*., ¶ 7.)  It is not

acceptable for Defendant to deem this a legal conclusion and move on; it must

plead whether it is or is not so categorized, leaving no doubt as to whether this is

disputed.  If the allegation is denied, Trans Union must be prepared to back up that denial with legal authority when it is inevitably challenged.  Similarly, Trans Union should not leave us all in the dark about whether this Court is the proper venue for this action.  (ECF No. 11, PageID.51, ¶ 10.)  The allegation must be admitted or denied, unless Defendant genuinely lacks information to answer. Moreover, while Trans Union may legitimately lack knowledge as to whether Plaintiff resides in Utica, Michigan, it should certainly be able to admit or deny whether Plaintiff is "a natural person" who "qualifies as a 'consumer' as defined and protected by the FCRA."  (*Id.*, ¶ 4.)  Finally, contrary to its answer, the question of whether Trans Union had actual or constructive notice that Plaintiff "is not deceased" is an allegation of fact, not of law.  (*Id.*, ¶ 28.)  That allegation must be admitted or denied, at least in part, recognizing the possibility that some of the surrounding allegations might be outside of Trans Union's knowledge.

## C.    Allegations which "Speak for Themselves"

Finally, Trans Union refuses to answer paragraphs 42 through 45 of the complaint, each of which makes allegations regarding the FCRA, in each instance pleading:

> Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or characterizes the requirements set forth therein, Trans Union denies the allegations as stated.

(ECF No. 11, PageID.63-66, ¶¶ 42-45.)  However, "Rule 8(b) does not permit such a response." *Joseph*, 2009 WL 10680506, at *2 (citing *Riley*, 199 F.R.D. at 279). The point of Plaintiff's allegations regarding the statute is to determine if there is a dispute about what the statute says and what duties it imposes.  Trans Union cannot simply hedge its bets as to whether Plaintiff is misquoting or mischaracterizing requirements of the statute.  Defendant must admit or deny, and, if it denies the allegation based on inaccuracy, it may affirmatively state the reason why or explain how its interpretation differs.  Trans Union will need to amend its answers to paragraphs 42 through 45 of the complaint to directly respond within the three permissible options provided by Rule 8(b).

## III.    Conclusion and Directive

Plaintiff's request "to strike certain deficient portions" of Trans Union's answer and "deem such allegations as admitted" is **DENIED**. (ECF No. 19, PageID.120.) However, Plaintiff's alternative request to have the Court order Trans Union to amend its answer (*id*.) is **GRANTED** as to **paragraphs 4, 7, 9, 10, 18, 28, 42-45**. Additionally, in amending its answer – in light of subsequent investigation, document production, discovery and its argument here that it should be held to its knowledge "at the time it originally pleads an answer" –  Trans Union will need to reconsider whether, "at the time it pleads its *amended* answer," it has enough

information and a good faith basis to either admit or deny the allegations contained in **paragraphs 14-17, 19 and 22-23**.  *See Joseph*,  2009 WL 10680506 at *2 ("[C]onsistent with Rule 8(b)(5), Defendants must respond to each paragraph in Plaintiff's complaint for which Defendant has knowledge or information.").  If Plaintiff is still dissatisfied with the answer, he should take heed of this Court's "disfavor" towards motions to strike pleadings, *Operating Eng'rs*, 783 F.3d at 1050, as well as the fact that such motions have being characterized as "purely cosmetic or 'time wasters,'" *Neal v. City of Detroit*, No. 17-13170, 2018 WL 1399252, at *1 (E.D. Mich. Mar. 19, 2018) (internal citations omitted), and avail himself of the other remedies described above.  Trans Union shall file and serve its amended answer on or before **February 1, 2022.**

It is **SO ORDERED.**

Dated:  January 18, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE